IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-23-KFP |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Steven W. filed a Complaint seeking review of the

Social Security Administration's decision denying his application for disability insurance

and supplemental security income benefits. Doc. 1. The Court construes Claimant's

supporting brief (Doc. 10) as a motion for summary judgment and the Commissioner's

opposition brief (Doc. 15) as a motion for summary judgment. The parties have consented

to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C.

§ 636(c). Doc. 9.

Upon review of the record and the pending motions, the Court finds that Claimant's

motion for summary judgment is due to be DENIED, the Commissioner's motion for

summary judgment is due to be GRANTED, and the decision of the Commissioner is due

to be AFFIRMED.

## I.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla" – i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir. 1982); and then citing *Richardson*, 402 U.S. at 401); *accord*

*Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam).

## II.    BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

On October 27, 2021, Claimant protectively filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). R. 18, 199–200, 201–207. The Commissioner denied these applications initially and upon reconsideration. R. 107–111, 112–116, 123–125, 126–130, 131–135, 136–138. Claimant requested a hearing before an Administrative Law Judge (ALJ), and on July 6, 2023, ALJ Carol Latham held a hearing. R. 38–68, 141. At the hearing, Claimant, represented by counsel, and an impartial medical expert testified. R. 38–68, 141. On November 27, 2023, ALJ Latham issued a decision finding Claimant was not disabled. R. 15–35. On May 21, 2024, the Appeals Council denied Claimant's request for review. R. 2–7. On October 8, 2024, by District Court order this case was reversed and remanded to the Commissioner. R. 668. On June 3, 2025, ALJ Latham held another hearing, in which Claimant, represented by counsel, and an impartial medical expert testified. R. 628–656. On September 22, 2025, ALJ Latham issued a decision, concluding for a second time that Claimant was not disabled. R. 604–627.

Claimant was born in 1978 and was 47 years old on the date of the ALJ's September 2025 decision. R. 199, 620. He has a tenth-grade education and past relevant work in pest control. R. 232. In a disability report, Claimant alleged disability due to depression and anxiety. R. 231, 614. At the hearing, Claimant testified to having physical problems with his neck and lower back due to herniated discs. R. 614, 633. He also testified to associated numbness and tingling radiating down his right arm all the way down to his pointing finger. *Id.* In addition, Claimant testified to a torn meniscus in the right knee, requiring multiple surgeries. *Id.* He further endorsed arthritis in his right thumb. *Id.*

After careful review and evaluation of the medical evidence of record and testimony at the hearing from Claimant, the ALJ found Claimant was not disabled. R. 610–620. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). At step one, the ALJ determined that Claimant had not engaged in substantial gainful activity since May 15, 2021, the alleged onset date. R. 610.

At step two, the ALJ found that Claimant had the following severe impairments: status-post multiple surgeries for torn meniscus on the right, osteoarthritis of the right knee with effusion, multilevel spinal stenosis, cervical radiculopathy with lateral foraminal disc osteophyte at C4-5 and disc bulges at C5-7, lumbar radiculopathy, degenerative changes of the lumbar spine at L4-5, left facet joint arthropathy, lumbar spondylosis, and obesity. R. 610. The ALJ also found that Claimant had the following non-severe impairments: major depressive disorder and generalized anxiety disorder. R. 611.

At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. R. 612. Considering the entire

4

record, the ALJ determined that Claimant had the residual functional capacity (RFC) to perform a modified range of light work

> except he is limited to no more than occasional climbing of ramps and stairs and never climbing ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, crouch, and crawl. He must avoid all exposure to workplace hazards such as dangerous moving machinery and unprotected heights. He is limited to no more than frequently handling, fingering, and feeling with his right upper extremity.

R. 613. At step four, the ALJ found that Claimant was unable to perform any past relevant work. R. 617. Therefore, the ALJ proceeded to step five and relying on the testimony of the vocational expert, the ALJ found that Claimant could perform other jobs that exist in significant numbers in the national economy. R. 618–619. Therefore, the ALJ found Claimant was not disabled at any time from May 15, 2021, the alleged onset date, through September 22, 2025, the date of the ALJ decision. R. 620.

## III.    ISSUES ON APPEAL

On appeal, Claimant presents a single issue: whether "the Commissioner erred as a matter of law by failing to find [his] impairments caused sufficient pain to satisfy the pain standard." Doc. 10 at 5.

## IV.    DISCUSSION

Claimant argues the ALJ did not properly consider the evidence when determining whether Claimant's pain was sufficient to satisfy the pain standard. Doc. 10 at 7. Specifically, Claimant analogizes his circumstances to the plaintiff in *Hill v. Barnhart*, 440 F. Supp. 2d 1269 (N.D. Ala. 2006), and argues this case is determinative of his claim. Doc. 10 at 7–9. In response, the Commissioner argues that the ALJ properly "considered the

entire record and provided substantial evidence supporting his assessment of [Claimant's] subjective allegations and RFC," and for this reason, the ALJ's decision should be affirmed. Doc. 15 at 11.

"A claimant may seek to 'establish a disability through his own testimony of pain or other subjective symptoms.'" *Varnon v. SSA*, 2026 U.S. App. LEXIS 4246, at *7 (11th Cir. Feb. 12, 2026) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam)). "[W]hen a claimant attempts to establish disability through [his] own testimony of pain or other subjective symptoms[,]" courts apply a three-part pain standard. *May v. Comm'r of SSA*, 226 F. App'x 955, 958 (11th Cir. 2007) (per curiam) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam)). This standard requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.* (quoting *Wilson*, 284 F.3d at 1225). Notably, "[a] claimant's subjective testimony supported by medical evidence that satisfies this pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561. Further, "if the ALJ does not credit the claimant's pain testimony, the ALJ 'must articulate explicit and adequate reasons for doing so.'" *May*, 226 F. App'x at 958 (quoting *Foote*, 67 F.3d at 1561–62).

When evaluating "the intensity and persistence of symptoms," the ALJ is required "to consider all of the evidence in an individual's record . . . after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Varnon*, 2026 U.S. App. LEXIS 4246, at *7 (quoting SSR

6

16-3p, 81 Fed. Reg. 14166, 14167 (Mar. 16, 2016)). Critically, "the ALJ cannot reject the claimant's statements as to the intensity and persistence of [his] symptoms solely because they are not substantiated by objective medical evidence." *Foote*, 67 F.3d at 959 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). "If an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding." *Varnon*, 2026 U.S. App. LEXIS 4246, at *7 (quoting *Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280, 1287 (11th Cir. 2025)). The proper question is "whether the ALJ was clearly wrong to discredit [the claimant's testimony], not "whether [the] ALJ could have reasonably credited his testimony[.]" *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam).

Claimant's subjective pain testimony involved his complaints of neck pain, lower back pain, and pain in his right knee. Doc. 10 at 8 (citing R. 535, 579, 620). Claimant acknowledges the ALJ properly "listed the objective evidence of diagnoses and treatments in her opinion," but he argues the ALJ failed as a matter of law by not finding that his complained-of injuries produced disabling pain. Doc. 10 at 7–10. Claimant cites a series of cases that illustrate circumstances in which a claimant satisfied the pain standard. *Id.* He argues that these cases contain evidence of injuries similar to his own, so by analogy, his own claim satisfies the pain standard. Doc. 10 at 9–10.

In the ALJ's decision, the ALJ carefully outlined the evidence of record concerning Claimant's pain. In reaching the RFC finding, the ALJ discussed Claimant's neck pain, lower back pain, and right knee pain in the context of the other evidence in the record. R. 614–616.

7

In relation to Claimant's back and neck pain, the ALJ acknowledged Claimant's hearing testimony relaying his "problems with his neck and lower back due to herniated discs" and "[a]ssociated numbness and tingling radiate down his right arm." R. 614. The ALJ further detailed the diagnoses and treatment associated with these conditions and described Claimant's repeated complaints of neck pain and chronic low back pain during the first half of 2023. R. 614 (citing R. 434, 455, 478, 581, 442, 587). The ALJ recounted Claimant's reported "reduced range of motion of his cervical and lumbar spine along with positive facet loading tests regarding his lumbar spine," R. 614 (citing R. 436, 456, 487, 582), and that during this same time frame, he had "normal range of motion of his upper and lower extremities" and normal strength and sensation, R. 614 (citing R. 379, 416, 523, 592, 379, 394, 436, 528, 582).

The ALJ further reported Claimant's "ongoing complaints of back pain" throughout later 2023, and detailed what treatments Claimant underwent. R. 614 (citing R. 896, 901, 893, 923). The ALJ also noted the treatments "only slightly reduc[ed] his pain immediately following" a lumbar radiofrequency ablation. R. 614 (citing R. 893). The ALJ acknowledged that even though Claimant "reported continued neck and back pain on September 5, 2023, . . . the claimant denied stiffness, backache, weakness, and limited range of motion." R. 614.

The ALJ then recounted Claimant's continued reports of pain throughout 2023 and into 2024 as well as the treatments and examinations he underwent during that time frame. R. 615. The ALJ described, despite the back and neck pain, "his physical examination [in February 2024] showed normal range of motion and strength without any swelling." R.

615 (citing R. 921). The ALJ then explained the additional treatments Claimant underwent throughout the year, after which the medical record relays Claimant had "no reported neck pain, joint pain, or decreased range of motion." R. 615.

The ALJ described Claimant's ongoing treatment and follow-up appointments during 2024 and 2025 that revealed a diagnosis of arthritis in his spine and a reduced range of motion. R. 615. However, during this same time frame, he reported continued improvement after he received steroid injections and his "range of motion was normal as was his strength in all tested extremities," despite his ongoing back pain reports. R. 615.

Taking all of this into consideration, the ALJ found Claimant was not disabled and determined even "[t]hough the claimant's complaints of neck and back pain are not entirely consistent with the findings on physical examination or on medical imaging," that the RFC takes Claimant's impairments into consideration "by limiting the claimant to light work with no climbing of ladders, ropes or scaffolds and performing activities such as balancing, kneeling, crouching and crawling no more than occasionally." R. 615.

Likewise, when considering Claimant's reports of right knee pain associated with his right knee effusion and right torn meniscus, the ALJ noted Claimant's hearing testimony as well as evidence in the record. R. 614, 615 (citing R. 478, 522, 542). In relation to this evidence, the ALJ noted that in 2023, Claimant underwent an MRI revealing a "joint effusion and a meniscus tear" in which "claimant was . . . observed with a limping gait and reduced range of motion." R. 615 (citing R. 545, 479, 585). The ALJ then described after Claimant completed a meniscectomy, his gait, station, and range of motion returned to normal. R. 615 (citing R. 574, 592). In January 2025, Claimant "presented with

ongoing right knee pain" but the results of his exam "showed normal movement of all extremities and no tenderness." R. 615 (citing R. 930–31). The ALJ indicates that despite this examination, an MRI revealed Claimant was diagnosed with a tear in the meniscus and claimant then underwent an arthroscopic right knee partial medial and lateral meniscectomy. R. 615–616 (citing R. 931–32, 942).

After recounting this medical history and ultimately finding Claimant was not disabled, the ALJ notes that he "accounted for associated limitations for the claimant's torn meniscus post-surgical intervention" by providing limitations Claimant should "no more than occasionally climb[] ramps and stairs and never climb[] ladders, ropes, or scaffolds" and explicitly stating that "[h]e has also been limited in his ability to bend and stoop to appropriately account for the limiting effects of his right knee." R. 616.

Here, in finding that substantial evidence did not wholly support his subjective pain testimony, the ALJ clearly explained the evidence in the record that showed why the pain testimony was not supported by objective medical evidence. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("Subjective pain testimony that is supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the claimant complains is itself sufficient to sustain a finding of disability."). After reviewing the record evidence, the ALJ found "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," and concluded that, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" R. 614. Thus, here, the ALJ correctly articulated the pain standard. *See*

*Willis v. SSA, Comm'r*, 2023 U.S. App. LEXIS 8236 at *11–12 (11th Cir. Apr. 6, 2023) (finding the proper pain standard was articulated when "the ALJ concluded that 'the objectively determined medical condition' was not of such a severity that it could 'reasonably be expected to give rise to [the claimant's] claimed pain.'" (quoting *Wilson*, 284 F.3d at 1225).

Claimant argues "Courts have routinely found that injuries similar to those in the present case are enough to satisfy the pain standard." Doc. 10 at 9 (collecting cases).[1] Claimant attempts to analogize his diagnoses to the diagnoses in these other cases, but Claimant does not to articulate how the ALJ's careful balancing of the record evidence in his case, including the ALJ's discussion of claimant's reported pain and his diagnoses and treatment, fails to comprise substantial evidence supporting the ALJ's RFC finding. In addition, none of the cases Claimant cites offers a compelling analogy that mirrors Claimant's case. *See Hill*, 440 F. Supp. 2d at 1275 (reversing the ALJ as the evidence of disability was "overwhelming" and thus the ALJ's finding was "irrational and not supported by substantial evidence" and was in error when he found the plaintiff did not meet the pain standard); *Hale*, 831 F.2d at 1011 (reversing the ALJ because the ALJ relied on "no evidence" to support the finding "that there were no medical signs and findings showing the existence of an anatomical or physiological impairment which could reasonably be expected to produce [the plaintiff's] pain."); *Jenkins v. Sullivan*, 906 F.2d

---

[1] *See* Doc. 10 at 9–10 (citing *Hill v. Barnhart*, 440 F. Supp. 2d 1269 (N.D. Ala. 2006); *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987); *Jenkins v. Sullivan*, 906 F.2d 107 (4th Cir. 1990); *Kent v. Sullivan*, 788 F. Supp. 541 (M.D. Ala. 1992); and *Fields v. Apfel*, 2000 WL 204613 (S.D. Ala. Jan. 31, 2000)).

107, 108–109 (4th Cir. 1990) (remanding the ALJ's decision in part because after considering Jenkins' pain testimony, the ALJ discredited the claim of pain and found "Jenkins was capable of performing a full range of medium work."); *Kent v. Sullivan*, 788 F. Supp. 541, 544 (M.D. Ala. 1992) (reversing the ALJ because she "based her opinion for discrediting the plaintiff's testimony concerning pain on his demeanor during the hearing and on her opinion that [the plaintiff's] daily activities were too extensive for the pain level he alleged," and the ALJ failed to address "what there was in the objective medical evidence to indicate that pain could not be reasonably expected."); and *Fields v. Apfel*, 2000 WL 204613, at *3 (S.D. Ala. Jan. 31, 2000) (remanding the ALJ's decision because the ALJ "found the plaintiff's herniated disc could reasonably be expected to cause some pain but that it could not reasonably be expected to cause the degree of pain alleged by the plaintiff" and the ALJ improperly "relied on such things as the plaintiff's testimony . . . and demeanor during the hearing" rather than the proper measure of the pain standard which requires the ALJ assess "medical evidence of the condition and its severity.").

These circumstances are all distinct from Claimant's case, in which the ALJ used "an abundance of caution" to account for Claimant's reported pain symptoms and took great care in recounting Claimant's repeated issues of pain and bringing in the relevant record evidence from his diagnoses and treatment to flesh out the nature of the condition. R. 614–15. Unlike the ALJ in *Hale*, nowhere does the ALJ insist there is no medical signs connected to the claimant's reported pain, 831 F.2d at 1011, and instead the ALJ found "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," and concluded that, "however, the claimant's statements

12

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" R. 614.

Ultimately, the Court must consider whether the ALJ's decision is supported by substantial evidence, not whether the evidence *could* support an alternative outcome. *Faircloth v. Saul*, 2019 U.S. Dist. LEXIS 185802, at *24–25 (M.D. Ala. Oct. 28, 2019) (quoting *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) (per curiam) ("[I]t is not the court's role to 'decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.'") (second alteration in original)). Claimant is asking the Court to compare the facts of his own diagnosis to the diagnoses discussed in different cases with different medical evidence in the record and emphasizes that the ALJ's decision is not consistent with applicable law merely because courts have found that "injuries similar to those in the present case are enough to satisfy the pain standard." Doc. 10 at 9. However, the ALJ is not tasked with simply identifying similar injuries in the case law, but with examining the record evidence. Claimant has not shown how the ALJ's decision was not supported by substantial evidence. For this reason, Claimant has not established a basis for reversal.

## V.    CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence. Accordingly, it is ORDERED as follows:

1.    Claimant's Motion for Summary Judgment (Doc. 10) is DENIED;

2.    The Commissioner's Motion for Summary Judgment (Doc. 15) is GRANTED; and

13

3.      The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 27th day of July, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE